## Hazle v. Hazle, et al.

(Decided October 10, 1913).

## Appeal from Larue Circuit Court.

Appeal—Finding of Chancellor—A chancellor's finding of fact will not be disturbed where the evidence is conflicting and the mind is left in doubt as to the truth.

WILLIAMS & HANDLEY for appellant.

D. H. SMITH, O. M. MATHER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On January 21, 1910, J. M. Hazle executed and delivered to Magnolia Hazle his promissory note, by which he promised to pay her twelve months thereafter the sum of $700, with interest from date until paid. The note was secured by a lien on certain land which Magnolia Hazle had conveyed to J. M. Hazle. Plaintiff, Magnolia Hazle, brought this action against the defendant, J. M. Hazle, to recover on the note. After setting out the note and its non-payment, she alleged in her petition that she was unable to file the note because it was in the possession of the defendant, and called on him to produce it. Defendant pleaded that the note had been paid and settled in full, and also alleged in his answer that the note had been destroyed. Subsequently he filed an amended answer stating, in effect, that before filing his answer he made an effort to find the note, but was unable to do so. After filing the answer, his sister-in-law, in looking over some old papers of his, found the

note. He filed the note with his amended and supplemental answer. It contains the following endorsement: "3-10-1910.

"Settled in fool—sind over to J. M. Hazle bye.
"MAGNOLIA HAZEL."

Plaintiff, by reply, denied the allegation of the original and amended answers, and also pleaded *non est factum* as to the endorsement.

On final hearing the chancellor gave judgment in favor of defendant. Plaintiff appeals.

The evidence in the case is very meager. It appears that plaintiff and defendant were husband and wife. They agreed to separate, and the note in question was executed in settlement of their affairs. They did separate, but subsequently defendant returned to plaintiff's home and remained there several months. There is some proof to the effect that plaintiff kept her papers in an old trunk. Defendant purchased a new trunk for her, and she put her papers in this trunk. Defendant gave to plaintiff one of the keys to the trunk and retained one key for himself. The witnesses, however, who testified to these facts got their information from plaintiff, and their evidence is mere hearsay. There was an attempt on the part of plaintiff to prove that defendant had no property with which to settle the note, but the evidence shows that by the sale of other property he did have sufficient money at that time to meet the obligation. As to the genuineness of plaintiff's endorsement on the note, three witnesses testified that, in their opinion, the signature was not that of plaintiff, while two witnesses testified to the contrary. While there is an agreement among plaintiff's witnesses that the signature is not hers, they disagree in many respects as to why they reached this conclusion. Some of these witnesses reached their conclusion by comparing the signature on the note with certain checks claimed to have been written by plaintiff after the note was executed, though the genuineness of her signature thereon was established by the opinion of one of the witnesses only. There has been brought here by *subpoena duces tecum* the original reply of plaintiff which she signed and swore to. Neither the original note nor the checks referred to in evidence of the various witnesses are in the record. It is earnestly insisted by counsel for plaintiff that as defendant obtained possession of the note before maturity, and was the husband of plaintiff, and could, therefore,

have secured access to the papers, no presumption of payment arises from the fact of his possession. Passing this question, however, defendant is nevertheless entitled to recover if the plaintiff's endorsement on the note is her genuine signature. In a matter of this kind, where the chancellor is on the ground, knows the parties and the witnesses, and has before him the disputed writing, some reliance should be placed on his judgment, and where, as in this case, the evidence is conflicting, and upon a consideration of the entire record, the mind is left in doubt as to the correctness of the chancellor's finding, this finding will not be disturbed.

Judgment affirmed.